MR. JUSTICE SHEA,
specially concurring:
I join the majority opinion in all respects, although I believe it would have been better to completely open up the application process rather than to leave the job open only to those who applied for it. The job was not advertised with the idea of giving a veteran an absolute preference, and therefore it would be more fair to all concerned to all those who want to apply to do so. Nonetheless, because we have a divided Court on this issue, and I am the only member who would open up the entire application process, I join the opinion to arrive at the necessary four votes. My vote on this issue is necessary to even putting an opinion down and I do not feel it is a travesty of justice to limit the job to those who already have applied for it. If I did so feel I would not join the opinion just to make it a majority opinion.
I also emphasize that the Crabtree decision, is, as is stated in the opinion here, simply an enunciation of the law as it *95 has always existed. There has never been an opinion from this Court contrary to the decision we made in Crabtree. When we decided Crabtree, we did not declare new law.
In his dissent Justice Gulbrandson declares that we did declare new law, because our decision was then contrary to the 1949 Attorney General opinion that interpreted the Veterans’ Preference Act as granting only a limited or qualified preference. However, two previous Attorney General opinions came up with mixed results: a 1934 opinion declared that it was a qualified preference, and a 1945 opinion declared it to be an absolute preference. Political expediency was clearly the moving force behind these differing opinions, and this should have been enough notice that the agencies should not have relied on the latest opinion, but instead should have gone to court and obtained a declaratory judgment. Only then do I believe the agencies would have been justified in relying on an interpretation of the Veteran’s Preference Act.